UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 00-08-P-H |
| ) | |
| BRYANT M. LESSARD, ) | |
| ) | |
| Supervised Releasee ) | |

**ORDER**

This matter came before me this date for a preliminary hearing pursuant to Fed. R. Crim. P. 32.1(a)(1). The supervised releasee appeared with counsel, waived his right to a preliminary hearing and consented to the entry of a finding of probable cause to hold him for a revocation hearing. Accordingly, I **_FIND_** probable cause to hold the supervised releasee for a revocation hearing.

A release hearing was held at the supervised releasee's request for the purpose of determining whether he is eligible for release pending the revocation hearing. *See* Fed. R. Crim. P. 32.1(a)(1). The standards governing release in these circumstances are those prescribed in 18 U.S.C. § 3143. Fed. R. Crim. P. 46(c); *United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994); *see United States v. Giannetta*, 695 F. Supp. 1254 (D. Me. 1988). Thus, Lessard is entitled to be released if he establishes, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or (c).

The government conceded that Lessard does not pose a risk of flight but asserted that he has failed to establish by clear and convincing evidence that there are available conditions of release to address risk of danger to any other person and the community. I agree. Lessard presented no evidence

at the release hearing. Instead, his counsel simply argued that he should be deemed to have satisfied his burden by proposing conditions of release that include a requirement that he reside at his girlfriend's residence in Monmouth, Maine and that he be subject to home detention with electronic monitoring. The instant revocation petition is based on Lessard's arrest two days ago for OUI while on his way to work after having admittedly consumed alcohol at a bar the previous evening. His blood alcohol content was .19%, more than twice the legal limit. Lessard has four prior OUI convictions. The conditions under which he was placed on supervised release already include prohibitions against his possession or use of alcoholic beverages and intoxicants, against his frequenting of business establishments whose primary product to the consumer is alcoholic beverages, and against operating any motor vehicle while under the influence of any intoxicating liquor.

The supervised releasee is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The supervised releasee shall be afforded a reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the supervised releasee to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

Dated this 17th day of October, 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge